IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **STEVE SNYDER, et al.,** | CASE NO. 3:22 CV 2282 |
| Plaintiffs, | |
| v. | JUDGE JAMES R. KNEPP II |
| **VILLAGE OF LUCKEY, OHIO,** | |
| Defendant. | MEMORANDUM OPINION AND ORDER |

### INTRODUCTION

Currently pending before the Court is Plaintiffs Steve Snyder, Tim Snyder, T&S Agriventures, LLC, and Beth Rose Real Estate and Auctions, LLC's Motion to Alter or Amend (Doc. 15) this Court's February 12, 2024, Order (Docs. 13, 14) granting Defendant the Village of Luckey, Ohio's motion to dismiss. Defendant opposes (Doc. 16), and Plaintiff replies (Doc. 18).

For the reasons discussed below, Plaintiffs' motion is denied.

### BACKGROUND

The factual background of this case (as alleged in the Amended Complaint) is set forth in this Court's prior Memorandum Opinion and Order. *See* Doc. 13.

Procedurally, this case was originally filed in December 2022 (Doc. 1). In March 2023, Defendant filed a state-court petition to appropriate property in the Wood County Court of Common Pleas. *See Village of Lucky v. T&S Agriventures, LLC, et al.*, No. 2023 CV 0144 (Wood Cnty. Ct. Common Pleas).

In April 2023, Plaintiffs in the instant case filed an Amended Complaint (Doc. 8). Defendant moved to dismiss that Amended Complaint in April 2023, and that motion was decisional in June 2023. *See* Docs. 9, 11, 12.

While the at-issue motion was pending, the Wood County Court of Common Pleas held a necessity hearing on the state court petition to appropriate pursuant to Ohio Revised Code § 163.09 on September 21 and 22, 2023. *See* Docs. 15-1 and 15-2.

On February 12, 2024, this Court granted Defendant's motion to dismiss. (Doc. 13). Therein, the Court held (1) Plaintiff Beth Rose Real Estate LLC lacked standing; (2) the remaining Plaintiffs failed to state a takings claim because they had not identified a property interest that had been taken; (2) Plaintiffs did not plead an equal protection claim; and (3) Plaintiffs did not plead a substantive due process claim. *See id.*

## STANDARD OF REVIEW

Under Rule 59(e), a district court may grant a motion to alter or amend the judgment if the movant shows: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quotation omitted). The purpose of Rule 59(e) is to give district courts an opportunity to fix their mistakes without going through a costly and unnecessary appeals process. *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). However, Rule 59 motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Brumley*, 909 F.3d at 841 (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued.") (citation

omitted). In general, such motions are disfavored. *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003), *aff'd*, 547 F.3d 297 (6th Cir. 2008).

Federal Civil Rule 60(b) permits a district court to grant a Motion for Relief from Judgment for certain specified reasons, including "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial complaint. It does not afford "a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

## DISCUSSION

Newly Discovered Evidence

Plaintiffs primarily contend they are entitled to relief under Federal Civil Rules 59(e) and 60(b)(2) based on "newly discovered evidence." Rule 60(b) provides that a district court may grant a motion for relief from judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." And Rule 59(e) similarly permits altering or amending a judgment based on a movant's presentation of "newly discovered evidence". *Brumley*, 909 F.3d at 841. The "new" evidence upon which

3

Plaintiffs rely is the transcript of the state court necessity hearing held on September 21-22, 2023. *See generally* Doc. 15.[1]

A party moving for relief under Rule 60(b)(2) must "show by clear and convincing evidence (1) that [they] exercised due diligence to obtain the evidence and (2) that the evidence is material, *i.e.*, would have clearly resulted in a different outcome." *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018). "[T]he newly discovered evidence must have been previously unavailable[.]" *Arsan v. Keller*, 784 F. App'x 900, 918 (6th Cir. 2019) (internal citations omitted); *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (holding plaintiff's evidence was not newly discovered because it was publicly available prior to the district court's judgment); *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (Rule 59(e) requires evidence to have been "previously unavailable"); *see also* 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Fed. Prac. & Proc. Civ.* § 2859 (3d ed. 2023) ("[I]f [the evidence] was in the possession of the party before the judgment was rendered it is not newly discovered and does not entitle the party to relief.").

First, Plaintiffs have failed to establish the evidence is new. The evidence Plaintiffs seek to rely on here is simply not "newly discovered" as required by Rule 60(b) or Rule 59(e). And the Court rejects Plaintiffs' argument that they somehow could not have presented this evidence earlier due to the pendency of Defendant's motion to dismiss. As Defendant points out, even

---

1. *See* Doc. 15, at 5 ("[O]n the basis of the newly discovered evidence adduced at the September 21-22, 2023, Necessity Hearing, Plaintiffs seek relief pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)[.]"); *id.* at 8 ("The facts of this case, as adduced at the September 21, 2023, necessity hearing, and applicable law, mandates a filing that Plaintiffs have articulated valid and justiciable claims against the Defendant Village for injury to their constitutionally protected property rights."); *id.* at 12 ("Good cause exists to set aside the February 12, 2024, Judgement, on the basis of the testimony and evidence adduced at the state court necessity hearing."); *id.* at 13 ("Review of the new evidence, represented by the transcript of the state court necessity hearing, and the application of Federal Rules of Civil Procedure 60(b)(2) and 60(b)(6) to the undisputed facts of this case compel the amendment and setting aside of the Court's February 11 [sic], 2024, Judgment Entry.").

4

though the motion to dismiss was fully briefed prior to the hearing, Plaintiffs could have sought leave to file an amended complaint or a sur-reply sometime between the date of the necessity hearing (in September 2023) and this Court's ruling on Defendant's motion to dismiss (in February 2024). Instead, they took no action. Plaintiffs have therefore not demonstrated "by clear and convincing evidence" that they "exercised due diligence" in presenting this evidence to the Court. *Luna*, 887 F.3d at 294; *see also Fazio v. Lehman Bros., Inc.*, 2006 WL 290519, at *3 (N.D. Ohio) (finding that information acquired while "Defendants' motion to dismiss was still pending", of which the plaintiffs "never informed [the] court" and "did not even request additional time to investigate", demonstrated the plaintiffs had not exercised due diligence in presenting the evidence to the court).

Second, Plaintiffs have failed to demonstrate or explain how such evidence (even if they could demonstrate it was "newly discovered") is *material* relative to a determination on a motion to dismiss, a motion that is confined to the pleadings. *See Armengau v. Cline*, 7 F. App'x 336, 343 (6th Cir. 2001) (when considering a 12(b)(6) motion to dismiss, the Court looks at the pleadings only); *see also* Fed. R. Civ. P. 12(d).[2] This is because "[a] motion under Rule 12(b)(6) tests the sufficiency of the plaintiff's claim for relief." *Armengau*, 7 F. App'x at 343; *see also Grider v. Irvin*, 2007 WL 2344939, at *2 (W.D. Ky.) ("The Court dismissed the complaint of the Plaintiffs based on findings of law, not fact. Accordingly, the Court finds that 'new' factual material provided by the Plaintiffs would not have produced a different result, and therefore, the Plaintiffs have failed to demonstrate that this material constitutes newly discovered evidence under FRCP 60(b)(2).").

---

2. The Court further does not consider Defendant's invitation to consider the state court decision (Doc. 16-1) following the necessity hearing, or Plaintiff's arguments about that decision in reply (Doc. 18), as neither is not relevant or determinative of the Court's analysis of a motion to dismiss based on the pleadings.

For these reasons, the Court finds Plaintiffs have not demonstrated entitlement to relief under either Rule 60(b) or 59(e) based on the purportedly newly-discovered evidence consisting of the transcript of the September 2023 state court necessity hearing.

Extraordinary Circumstances / Manifest Injustice

Plaintiffs cite Rule 60(b)(6) in their motion, asserting "extraordinary circumstances" justify granting the relief requested. *See* Doc. 15, at 7. But they present no specific argument under this subsection. And Plaintiffs' argument is centered on the purportedly new evidence. *See id.* at 8-13.

Rule 60(b)(6) "is a catchall provision that provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b)." *West v. Carpenter*, 790 F.3d 693, 696 (6th Cir. 2015). It "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *Id.* at 696-97; *see also McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule") (internal quotations omitted). The rule "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).

Plaintiffs further use the words "manifest injustice" to contend that relief from the Court's judgment is necessary. *See* Doc. 15, at 1-2; Doc. 18, at 2, 6, 7, 8. "Manifest injustice" is one of the reasons a court may alter or amend under Rule 59(e). *See Brumley*, 909 F.3d at 841.

In essence, Plaintiffs seek to reargue the motion to dismiss while relying on additional evidence adduced at the state court hearing and making arguments not originally made in

opposition to the motion. But this is not the proper use of a Rule 60(b) or 59(e) motion. *See GenCorp, Inc. v. Olin Corp.,* 477 F.3d 368, 373 (6th Cir. 2007) ("A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal."); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (Rule 59(e) motion is not to be used to make arguments that could have – and should have – been made prior to judgment).

The Court agrees with Plaintiffs that its role is separate from that of the state courts, and as the Supreme Court explained: "If a local government takes private property without paying for it, that government has violated the Fifth Amendment—just as the Takings Clause says—without regard to subsequent state court proceedings. And the property owner may sue the government at that time in federal court for the "deprivation" of a right "secured by the Constitution." *Knick v. Twp. of Scott, Penn.,* 588 U.S. 180, 189 (2019) (quoting 42 U.S.C. § 1983). But this does not resolve the underlying problem – Plaintiffs' failure to identify in the Amended Complaint a defined property interest of which they had been deprived without compensation.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiffs' Motion to Alter or Amend (Doc. 15) be, and the same hereby is, DENIED.

            s/ *James R. Knepp II*
            UNITED STATES DISTRICT JUDGE

Dated: June 7, 2024